IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

**vs.**
                                                             Case No. 4:00cr55-RH
                                                             Case No. 4:06cv27-RH/WCS

**JAMES GILYARD,**

       **Defendant.**
_____/


## REPORT AND RECOMMENDATION ON MOTIONS

Defendant filed a "motion for a modification of an imposed term of imprisonment or in the alternative motion to stay and abeyance (to preserve recent rulings by the United States Supreme Court [in Booker and Blakely] or other appropriate remedy)[]," citing Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Doc. 94. He also filed a Fed.R.Civ.P. 60(b)(6) motion. Doc. 95.

Defendant is serving a life sentence for a crack cocaine conspiracy. Doc. 25 (judgment entered on April 9, 2001). His direct appeal was dismissed as untimely. Docs. 37 and 38.

Defendant filed a 28 U.S.C. § 2255 motion dated November 12, 2003. Doc. 73. The motion raised a number of grounds relating to counsel's failure to pursue a direct appeal, and asserted that the Government failed to abide by the plea agreement. The motion was summarily dismissed as untimely, and a certificate of appealability and leave to proceed in forma pauperis were denied on appeal. Docs. 77, 79, 80, 82, 88, and 93.[1]

In his current Rule 60(b) motion, Defendant asserts error in denial of the § 2255 motion as untimely. Doc. 95. He claims that this court should have reached the merits of the motion in light of Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), asserting it is not a new rule and applies retroactively on collateral review. *Id.*, pp. 4-6.[2] Defendant also cites, *inter alia*, Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). *Id.*, pp. 1, 6, 7 and 8. Even assuming this is a true Rule 60 motion under Gonzalez,[3] Petitioner has not shown extraordinary circumstances to justify Rule 60(b) relief. Gonzalez, 125 S.Ct. at 2650-51 (even if the

---

[1] Prior to the § 2255 motion, Defendant filed a petition for writ of mandamus to compel the Government to file a Fed.R.Crim.P. 35 motion. Doc. 41. The petition and motion to amend the petition were denied, and denial was affirmed on appeal. Docs. 44, 47, and 71. Since the court did not treat the mandamus request as a 28 U.S.C. § 2255 motion, the § 2255 motion was not considered second or successive. Doc. 77, p. 3, n. 2; *see also* Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).

[2] Defendant's point is not clear. The court did not cite or discuss Flores-Ortega in dismissing the § 2255 motion, but rejected Defendant's arguments regarding when the one year time limit commenced and whether he was entitled to tolling. Doc. 77 (as adopted by doc. 79).

[3] The Court explained that a true Rule 60(b) motion, "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," and should not be treated as a successive filing. 125 S.Ct. at 2648 (footnote omitted).

Case Nos. 4:00cr55-RH and 4:06cr27-RH/WCS

prior statute of limitations ruling was incorrect in light of a subsequent interpretation of the statute by the Supreme Court, this was "hardly extraordinary" and did not justify relief under 60(b)). The motion should therefore be denied.

In his motion for modification, Defendant asserts jurisdiction pursuant to 18 U.S.C. § § 3231 and 3582(c)(2). Doc. 94, p. 1. Defendant asks the court to rule on the retroactivity of Blakely and Booker[4] or, alternatively, to preserve his rights. *Id.*, p. 3, *citing* Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).

The cited statutes do not authorize relief. Section 3231 simply provides that the district courts have jurisdiction over federal criminal cases. Section 3582(c)(2) authorizes relief based on retroactive amendments to the sentencing guidelines made by the Sentencing Commission. "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

Defendant is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and his remedy is under the plain language of § 2255.

---

[4] The Supreme Court has recently granted certiorari as to the retroactive application of Blakely and Booker. Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, __ S.Ct. __, 2006 WL 393368 (June 5, 2006).

Though the initial § 2255 motion was dismissed as untimely, this "counts" and renders a subsequent motion second or successive.  *See*, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003), *cert. denied,* 542 U.S. 928 (2004) (collecting cases and concluding: "unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").  *Compare* Pavlovsky v. VanNatta, 431 F.3d 1063, 1064-65 (7th Cir. 2005) (noting the general rule that dismissal as untimely is generally on the merits and bars relitigation, but where previous § 2254 petition was dismissed *expressly* without prejudice as untimely, the petitioner "may have been lulled into thinking he didn't have to appeal" the dismissal).[5]

---

[5] The court also noted, "[t]he situation would be different had the judge dismissed the first case without indicating whether the dismissal was with or without prejudice, for then we would have no choice but to characterize the dismissal ourselves." *Id.*, at 1065. This court did not specify that the § 2255 motion was dismissed without prejudice, and Defendant was not "lulled" into anything as he did take an appeal.

Case Nos. 4:00cr55-RH and 4:06cr27-RH/WCS

In essence, therefore, the motion for modification is a second or successive § 2255 motion.[6] Defendant must obtain an order from the court of appeals authorizing this court to consider a second or successive motion. § 2255 (referencing § 2244); § 2255 Rule 9(b). Absent authorization, this court lacks jurisdiction to consider a second or successive motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (2255 motion).

It is therefore respectfully **RECOMMENDED** that Defendant's motion for modification (doc. 94) be **SUMMARILY DISMISSED**, as authorization for filing a second or successive motion has not been granted by the court of appeals. It is further **RECOMMENDED** that Defendant's Fed.R.Civ.P. 60(b)(6) motion (doc. 95), seeking relief from the § 2255 judgment (doc. 80), be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 19, 2006.

S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The Castro opinion (cited *supra*, n. 1) applies to initial filings: "nothing the Supreme Court said or did in that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not." Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc); affirmed (using a different analysis) in the Supreme Court's Gonzalez opinion, discussed *supra*. See also Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez); United States v. Lloyd, 398 F.3d 978, 980 (7th Cir.2005) ("[a] captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro'* s warn-and-allow-withdrawal approach does not apply.").

Case Nos. 4:00cr55-RH and 4:06cr27-RH/WCS

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.